410 A.2d 322

**COMMONWEALTH of Pennsylvania**

v.

**Matthew THOMAS, Appellant.**

Superior Court of Pennsylvania.

Argued July 17, 1979.

Filed Sept. 14, 1979.

410

G. Guy Smith, Media, for appellant.

David Fritchey, Assistant District Attorney, Media, for Commonwealth, appellee.

Before WIEAND, NIX and WEKSELMAN, JJ.*

WIEAND, Judge:

The body of Michael Kissinger was found at 2:00 a. m. on December 30, 1975, in the restroom of Shorty's Mobil Station, where he had been employed, in Delaware County. He had been shot once in the back of the head. Detective George Souder and Sergeant Ernest Bryant of the Delaware County Criminal Investigation Department were told by a police officer on routine patrol that a suspicious vehicle had been seen driving slowly in the vicinity of the station. The officer had made a note of the New Jersey license number, and this was given to Souder. With this information Souder traced the vehicle to a resident of Glassboro, New Jersey.

---

* Justice Robert N. C. Nix, Jr. of the Supreme Court of Pennsylvania, and Judge I. Martin Wekselman of the Court of Common Pleas of Allegheny County, Pennsylvania, are sitting by designation.

Thereafter, Bryant, Souder and several New Jersey police officers went to the home of the owner, Robert Stewart, about 6:30 a. m. Stewart related to them that his 18-year-old daughter, Patricia, had taken the car the night before to stay with a friend and had not returned. When she was subsequently located at the home of her friend, Patricia gave a statement to Detective Souder which disclosed that she and three other friends, including appellant, had driven to Delaware County in Pennsylvania late on the night of December 29. Appellant and one of the other occupants of her car had told Patricia that they planned to hold up a gas station, and they left the car for that purpose. After the remaining occupants had driven around for a short time, appellant and his cohort rejoined Patricia and the fourth person in the car. The two men related that they had knocked out the attendant of the gas station and left him in the restroom, but had not taken any money. The time period described by Ms. Stewart coincided with the time of the shooting.

With this statement and the information he had gained in the course of a ten hour investigation, Detective Souder called his superior in Pennsylvania to obtain arrest warrants. The requested warrants were issued, and New Jersey police set out to make the arrest. At approximately 1:00 p. m. on December 30, appellant and his colleague were spotted fleeing across a field. They were apprehended and taken into custody. Appellant, when apprehended, was wearing a blood-stained jacket.

Subsequent to the arrest, police conducted a consensual search of the house where appellant had been residing with a friend. A pistol, determined to be the murder weapon, and a holster were seized.

Appellant was found guilty by a jury of murder in the third degree, crimes committed with firearms, and conspiracy. His post trial motions were denied, and appellant now appeals from the judgment of sentence imposed.

■ The sole issue raised in this Court is whether there was probable cause for appellant's arrest. If, as appellant contends, the police lacked probable cause to arrest, then his clothing, gun and holster should have been suppressed as products of an unlawful arrest. The Commonwealth concedes the insufficiency of facts contained in the affidavit which was presented to the magistrate in Pennsylvania. It contends, however, that the police possessed information sufficient to constitute probable cause to arrest for a felony without a warrant. We agree with this position. See: *Commonwealth v. Whitson*, 461 Pa. 101, 334 A.2d 653 (1975). Detective Souder, who was in charge of the investigation and who ordered the arrest, knew that appellant had been in the vicinity of the murder scene in a vehicle which he later exited for the purpose of robbing a gas station. He also knew that when appellant and his companion returned to the vehicle they told the remaining occupants that they had knocked out the gas station attendant and left him in the restroom. He also knew that the decedent, in fact, had been found in a restroom of the gas station. Finally, when police approached appellant for the purpose of making an arrest, he fled through nearby fields. These facts were sufficient to warrant a man of reasonable caution in the belief that appellant had committed the crime.

■ Appellant's argument that the information possessed by Detective Souder was insufficient to establish probable cause unless it was possessed also by the officers making the arrest must fail. It was enough that the officer who was in charge of the investigation and who ordered the arrest had information which, when combined with facts known by the arresting officers, constituted probable cause. *Commonwealth v. Kenney*, 449 Pa. 562, 297 A.2d 794 (1972); *Commonwealth v. Whitson*, supra; *Commonwealth v. Ayers*, 239 Pa.Super. 263, 361 A.2d 405 (1976); *Commonwealth v. Benson*, 239 Pa.Super. 100, 361 A.2d 695 (1976).

The decision of the Supreme Court in *Commonwealth v. Stokes*, 480 Pa. 38, 389 A.2d 74 (1978), did not require a finding that the police lacked probable cause to arrest.

There the informant, although identified, was not shown to have had reasonably trustworthy information. The arrest, therefore, was based on mere unsupported rumor. In the instant case, it was demonstrated that Patricia Stewart had been in a position to obtain direct, personal knowledge of the crime and of appellant's admissions made before and immediately after commission of that crime. The information which she gave to the police, moreover, had been corroborated by the presence of her vehicle at or near the scene of the crime and by observations made by police concerning the condition and location of the decedent's body. If the informing witness were strictly neither an accomplice nor an eyewitness, her relationship to the commission of the crime was nevertheless of such immediacy that investigating police could reasonably credit her information with reliability.

For these reasons, we conclude that police did have probable cause to make a warrantless arrest and that appellant's contention to the contrary is without merit.

The judgment of sentence is affirmed.